IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14cv1104 (AJT/JFA) |
| | ) |
| JOHN DOE, subscriber assigned IP address | ) |
| 72.66.92.110, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 30, 2014, defendant John Doe filed a motion to quash plaintiff's subpoena and for a protective order of defendant's identity along with a supporting memorandum. (Docket nos. 10, 11). On November 13, 2014, plaintiff filed an opposition to defendant's motion. (Docket no. 13). Having reviewed the motion, memorandum in support, and opposition, the court is prepared to decide the issues presented without additional briefing or oral argument.

On September 2, 2014, the court granted in part the plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference. (Docket no. 8). Pursuant to that order, plaintiff then served a subpoena on Verizon FiOS, the Internet Service Provider ("ISP") for IP address 72.66.92.110. Defendant has moved to quash the subpoena arguing it was issued without a hearing, that it is faulty on its face, that it is burdensome, and that it implicates substantial privacy rights. (Docket no. 10). Defendant contends that plaintiff's litigation tactics threaten to unduly burden the defendant and borders on extortion. (Docket no. 11 at 3). Defendant further argues that information concerning the subscriber of the IP address is insufficient to establish the actual person who may have infringed the plaintiff's copyrights since

someone other than the actual subscriber may have used that IP address to download infringing materials. (*Id.* at 3–4).

Plaintiff argues that defendant has no standing to raise any technical defects in the issuance or service of the subpoena or any burden in responding since the subpoena is directed to a third party ISP and not to the defendant. (Docket no. 13). Plaintiff then argues that the information requested from the ISP is relevant, discoverable information and is not unduly burdensome. (*Id.*). Plaintiff claims the information sought from the ISP is necessary, even if the subscriber is not the infringer, because the subscriber is likely to have relevant information that would aid the plaintiff in identifying the alleged infringer. (*Id.*). Plaintiff states that it is not using this action to embarrass the defendant in the hopes of obtaining a settlement, and that it has no objection to allowing the defendant to proceed anonymously. (*Id.*).

The subpoena issued to the ISP does not subject the ISP to an undue burden, require the disclosure of privileged or other protected matter, require the ISP to comply beyond the geographic limits specified in Rule 45(c), or fail to allow a reasonable time to comply. Furthermore, the subpoena does not require the disclosure of a trade secret or other confidential research, development, or commercial information or the disclosure of an unretained expert's opinion. Accordingly, the motion to quash (Docket no. 10) under Rule 45(d)(3) is hereby denied.

In order to obtain a protective order under Rule 26(c), the movant must establish that the discovery being sought would cause annoyance, embarrassment, oppression, or undue burden or expense. Once the movant makes such a showing, the court may, for good cause, issue an order protecting the party or person. In this case, it appears that the plaintiff has agreed to the entry of a protective order allowing the defendant to proceed anonymously from public view. (Docket

no. 13 at 7). Allowing the defendant to proceed anonymously at this point during the litigation will alleviate any concerns of public embarrassment in being named a defendant during the early stages in this case and will allow the plaintiff to pursue its copyright infringement action. For these reasons, the court will grant in part the motion for a protective order (Docket no. 10). Pending further order of the court, the parties shall refrain from publicly identifying the subscriber assigned IP address 72.66.92.110 ("subscriber") on the court's public docket, and shall continue to refer to subscriber in public documents by the pseudonym "John Doe." Once additional discovery has been conducted and the plaintiff believes it has identified the actual infringer, the court may revisit this order to determine whether continuing to allow the action to proceed anonymously is appropriate under the standards set by the Fourth Circuit in *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014).

    Entered this 12th day of December, 2014.

                                                        /s/
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia